IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL FERREL, individually and on behalf of all similarly situated employees, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 4:18-cv-00688 |
| V. | § § | JURY TRIAL DEMANDED |
| SOUTHERN TIRE MART, LLC | § § | |
| Defendant. | § § § | |

## COLLECTIVE ACTION COMPLAINT

1. Plaintiff Michael Ferrel brings this collective-action lawsuit under the Fair Labor Standards Act ("FLSA") to recover overtime wages from his former employer, Southern Tire Mart, LLC ("Defendant"). *See* 29 U.S.C. §§ 207(a)(1), 216(b). Plaintiff seeks relief on behalf of himself and all current and former similarly situated employees across the country.

## JURISDICTION

2. The Court has jurisdiction because Plaintiff's claim arises under the FLSA.

## VENUE

3. Venue is proper in the U.S. District Court for the Southern District of Texas – Houston Division because a substantial part of the events or omissions giving rise to the claims occurred in this District and Division. *See* 28 U.S.C. § 1391(b)(2).

## PARTIES

4. Plaintiff is an individual residing in Rosenberg, Texas.

5. Defendant is a limited liability company organized in Mississippi and doing business in Texas. Defendant may be served through its registered against, CT Corporation System at 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

## COVERAGE

6. At all times relevant, Defendant employed two or more employees and had annual revenue of at least $500,000.

7. At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce.

8. At all times relevant, Defendant had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

9. Defendant was Plaintiff's employer from October 1, 2016 to January 30, 2018.

10. At all times relevant, Defendant paid Plaintiff an alleged salary.

11. At all times relevant, the alleged salary that Defendant paid Plaintiff did not include any premium pay for hours worked over 40 each week.

12. At all times relevant, the alleged salary that Defendant paid Plaintiff was meant to serve as compensation for a standard 40-hour workweek.

## BACKGROUND FACTS

13. Defendant is the largest commercial tire dealer in North America.

14. Defendant is not primarily engaged in the business of selling automobiles, trucks, or farm implements.

15. Defendant maintains approximately 74 retail locations across the country.

16. At its retail locations, Defendant sells tires and provides retreading and other tire-repair services.

17. Defendant does business in Texas, Mississippi, Georgia, Oklahoma, Arkansas, Louisiana, Nevada, Tennessee, and Florida.

18. Plaintiff worked for Defendant at its retail store located at 9252 Wallisville Road, Houston, Texas 77013 ("the Wallisville location").

19. Plaintiff worked for Defendant at the Wallisville location as a Counter Sales Representative.

20. Specifically, Plaintiff worked for Defendant at the Wallisville location as a Counter Sales Representative from October 2016 through May 2017.

21. Plaintiff also worked for Defendant at the Wallisville location as a Counter Sales Representative from September 2017 through January 30, 2018.

22. Defendant currently employs more than 150 Counter Sales Representatives.

23. The Counter Sales Representative's primary duty is to sell products and services to Defendant's customers.

24. Defendant pays most of its Counter Sales Representatives on an alleged salary basis.

## VIOLATION OF THE FLSA

25. Plaintiff regularly worked 49 – 53 hours a week for Defendant during his employment with Defendant.

26. Plaintiff also occasionally worked more than 53 hours a week.

27. For example, Plaintiff worked on Saturdays approximately once a month, and thus he worked more than 53 hours during those weeks.

28. Defendant classified Plaintiff as exempt from the FLSA's overtime-pay requirements.

29. Defendant did not pay Plaintiff 1.5 times his regular rate of pay for each hour he worked over 40 each week during his employment with Defendant.

30. Defendant owes Plaintiff 1.5 times his regular rate of pay for each hour he worked over 40 each week during his employment with Defendant.

31. Defendant owes Plaintiff liquidated damages in the same amount as the overtime wages it owes Plaintiff.

32. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees and costs related to the prosecution of this lawsuit.

## **COLLECTIVE ALLLEGATIONS**

33. Plaintiff incorporates the prior allegations in this Complaint and restates them here as collective-action allegations on behalf of Plaintiff and all current and former similarly situated employees.

34. Defendant employed several individuals who performed the same or substantially similar job duties as Plaintiff and were paid in the same manner as Plaintiff over the three-year period immediately preceding the filing of this lawsuit and continuing thereafter.

35. Plaintiff hereafter refers to himself and these individuals as the "Collective Members."

36. Plaintiff seeks to represent the interests of the Collective Members who have been deprived of their overtime pay in violation of the FLSA.

37. The Collective Members often worked more than 40 hours a week throughout the three-year period immediately preceding the filing of this lawsuit and continuing thereafter.

38. Defendant failed to pay the Collective Members 1.5 times their regular rates of pay for each hour they worked over 40 each week during the three-year period immediately preceding the filing of this lawsuit and continuing thereafter.

39. Defendant owes the Collective Members 1.5 times their regular rates of pay for each hour they worked over 40 each week during the three-year period immediately preceding the filing of this lawsuit and continuing thereafter.

40. Defendant owes the Collective Members liquidated damages in the same amount as the overtime wages it owes them.

41. The Collective Members are entitled to an award of reasonable and necessary attorneys' fees and costs.

42. The Collective Members are similarly situated because they performed the same or substantially similar job duties, and Defendant paid them on an alleged salary basis without any additional compensation for the overtime hours they worked each week.

43. Given these factual circumstances, Plaintiff seeks to certify a collective action consisting of the following individuals:

> All Counter Sales Representatives a/k/a Inside Sales Representatives Who Were Not Paid Time-And-A-Half for Overtime Hours (Hours Over 40) During Any Week from March 5, 2015 to the Present.

44. Plaintiff reserves the right to expand or narrow the proposed collective definition.

45. Plaintiff further reserves the right to amend his Complaint to add additional federal claims for wage-related violations, as well as state-law claims for wage-related violations.

## **WILLFUL VIOLATION**

46. Defendant willfully violated the FLSA. Defendant either knew it should pay the Collective Members 1.5 times their regular rates of pay for each overtime hour worked or Defendant recklessly disregarded its obligation to do so.

## **JURY DEMAND**

47. Plaintiff requests a jury trial on liability and damages.

**PRAYER FOR RELIEF**

Plaintiff Michael Ferrel demands a judgment for himself and all similarly situated individuals against Defendant Southern Tire Mart, LLC for the following:

a. Unpaid overtime wages;

b. Liquidated damages in the same amount as the overtime wages;

c. Prejudgment interest in the event liquidated damages are not awarded;

d. Attorneys' fees and costs incurred in prosecuting this lawsuit;

e. Post-judgment interest on all amounts awarded at the highest rate allowable by law; and

f. All other relief the Court finds proper, whether at law or in equity.

Respectfully submitted,

THE CLIFFORD LAW FIRM, PLLC

By: s/ Dennis A. Clifford
Dennis A. Clifford
Tex. Bar No. 24050431
S.D. Tex. No. 611330
712 Main Street, Suite 900
Houston, TX 77002
713-999-1833 – Telephone
866-232-0999 – Facsimile
dennis@cliffordemploymentlaw.com

ATTORNEY-IN-CHARGE FOR PLAINTIFF MICHAEL FERREL AND ALL NAMED AND OPT-IN PLAINTIFFS